MARLIN C. YOUNG, APPELLEE, v. SARAH C. FIGG ET AL., APPELLANTS.

FILED MAY 3, 1906. No. 14,319.

Execution Sale: NOTICE. In a sale of real estate on execution under the provisions of section 497 of the code, notice of the sale must be published during thirty days before the date of the sale. *Miller v. Lefever*, 10 Neb. 77, followed and approved.

APPEAL from the district court for Sarpy county: GEORGE A. DAY, JUDGE. *Reversed with directions.*

*George A. Magney* and *E. S. Nickerson*, for appellants.

*A. E. Langdon*, contra.

OLDHAM, C.

This is an appeal from a confirmation of a sale in a mortgage foreclosure proceeding. The objection urged

against the regularity of the sale was that notice of the sale was not published for thirty days before the day of the sale. It appears from the affidavit of the publisher that the first publication of the notice was made December 15, 1904, and the sale was had on January 14, 1905, or on the 30th day of the notice. Section 497 of the code provides: "Lands and tenements taken in execution shall not be sold until the officer causes public notice of the time and place of the sale to be given, for at least 30 days before the day of sale." This section also provides: "All sales made without such advertisement shall be set aside, on motion, by the court to which the execution is returnable." This section of the statute has been frequently construed by this court, beginning with the case of *Miller v. Lefever*, 10 Neb. 77, and in this and in each subsequent decision we have held that 30 days must intervene between the first publication of the notice and the day of the sale. In the case at bar only 29 days intervened; consequently the court erred in overruling defendant's motion to set aside the sale.

We therefore recommend that the judgment of the district court be reversed and the cause remanded, with directions to sustain the motion to set aside the sale.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to sustain the motion to set aside the sale.

REVERSED.